GREENBERG TRAURIG, LLP
Daniell Newman (SBN 242834)
newmandk@gtlaw.com
Ryan C. Bykerk (SBN 274534)
bykerkr@gtlaw.com
1840 Century Park East, Suite 1900
Los Angeles, California 90067
Tel.: 310.586.7700
Fax.: 310.586.7800

Attorneys for Non-Parties
Carlos Rosso, AMCO PRH 801
South Miami Avenue, LLC and
The Related Group

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Luxe Hospitality Company, LLC,<br><br>                    Plaintiff,<br><br>        v.<br><br>SBE Entertainment Group, LLC, SBE Hotel Licensing, LLC, SBE Hotel Group, LLC, SBEEG Holdings, LLC, Sam Nazarian, and Las Vegas Resort Holdings, LLC,<br><br>                    Defendants.<br><br>and related counterclaims. | Case No. 2:15-cv-07115-JAK (JPRx)<br><br>**NON-PARTIES CARLOS ROSSO, AMCO PRH 801 SOUTH MIAMI AVENUE, LLC AND THE RELATED GROUP'S NOTICE OF JOINDER IN DEFENDANTS' EX PARTE APPLICATION FOR ORDER ENFORCING COURT'S SCHEDULING ORDER, PREVENTING DEPOSITION OF THIRD PARTY CARLOS ROSSO, AND FOR SANCTIONS (ECF DKT. NO. 204)**<br><br>**- AND -**<br><br>**REQUEST FOR ORDER ENFORCING COURT'S SCHEDULING ORDER, PREVENTING ALL THIRD-PARTY DISCOVERY.** |

**NOTICE OF JOINDER AND REQUEST FOR ORDER PREVENTING THIRD-PARTY DISCOVERY BEYOND THE DISCOVERY CUT-OFF**

Non-parties Carlos Rosso, AMCO PRH 801 South Miami Avenue, LLC ("AMCO") and The Related Group ("Related") hereby join in the Ex Parte Application for Order Enforcing the Court's Scheduling Order, Preventing Deposition of Carlos Rosso, and for Sanctions filed by defendants in the above-referenced matter on March 9, 2017 (the "Application," Dkt. 204) and request an order preventing all third-party discovery directed to Mr. Rosso, AMCO and Related.

Counsel for Mr. Rosso, AMCO and Related have reviewed the Application and Plaintiff's Opposition thereto (Dkt. 205), and for the reasons stated in the Application, join in the relief requested by defendants. Luxe has previously discussed with Mr. Rosso's counsel the possibility of Mr. Rosso's deposition proceeding on March 16, 2017. At no time during these discussions, or prior to them, did Luxe mention or disclose that fact discovery in the above-referenced matter was set to close on March 6, 2017, such that Mr. Rosso's agreement to be deposed on March 16th would invite a violation of the Court's Scheduling Order. Accordingly, Mr. Rosso submits that the Court should enforce the Court's Scheduling Order and protect Mr. Rosso from Luxe's effort to proceed with Mr. Rosso's deposition after the March 6, 2017 fact discovery deadline.

In addition, on or about February 28, 2017 and in connection with the negotiations for the production of Mr. Rosso for deposition on March 16, 2017, AMCO agreed to produce, by March 13, 2017, a negotiated assortment of documents to Luxe, presumably for use in connection with the Rosso deposition.[1]

---

[1] This agreement was reached as a compromise in connection with resolving AMCO and Related's respective objections to Luxe's subpoenas to each entity. AMCO served its objections to Luxe's third-party subpoena on or about June 22, 2016. Related served its objections to Luxe's third-party subpoena on or about

NON-PARTIES' CARLOS ROSSO, AMCO PRH 810 SOUTH MIAMI AVENUE, LLC, AND THE RELATED GROUP'S
JOINDER TO DEFENDANTS' EX PARTE APPLICATION (DKT. NO. 204) AND REQUEST FOR ORDER
MIA 185787351v2

1     Again, at no time during these negotiations, or prior to them, did Luxe mention or

2 disclose that fact discovery in the above-reference matter was set to close on March

3 6, 2017 or that AMCO's agreement to produce documents would invite a violation

4 of the Court's Scheduling Order.  Accordingly, AMCO and Related submit that the

5 Court should enforce the Court's Scheduling Order and protect AMCO and Related

6 from any document discovery after the March 6, 2017 fact discovery deadline.  *See*

7 *Brown, II v. Deputy No. 1*, No. 12-CV-1938, 2014 WL 842946, at *7 (S.D. Cal.

8 March 4, 2014) (quashing third-party subpoenas calling for production of

9 documents after discovery cut-off).

10     In the event the Court elects to modify the Scheduling Order, Mr. Rosso and

11 AMCO will be prepared to comply with their respective discovery obligations

12 within the time frames established by the Court's modified Scheduling Order.

Dated:  March 10, 2017

Respectfully submitted,

GREENBERG TRAURIG

By:   */s/ Daniell Newman*

Daniell Newman

Attorneys for Non-Parties Carlos Rosso,
AMCO PRH 801 South Miami Avenue,
LLC and  The Related Group

November 21, 2016.  Pursuant to the agreement reached on February 28th, AMCO
voluntarily agreed to produce: "non-privileged and non-work product protected:
(A) marketing materials developed for the Project during 2013 and 2014; and (B)
Carlos Rosso's, Javier Cuadros's and Annhy Shim's email from 2013-2014, if any,
sent to, or received from, SBE Hotel Group, LLC or Ilona Agency/Creative Group
regarding: (1) the licensing of the "SLS Lux" brand for the Project; (2) the
marketing of the Project; and (3) the advertising of the Project."  For its part, Luxe
agreed to withdraw its subpoena to Related and accept the foregoing documents in
satisfaction of Luxe's subpoena to AMCO.  This stipulated scope called for the
collection and review of thousands of email and documents, such that it was
patently unreasonable for Luxe to expect AMCO to collect, review and produce the
stipulated scope of documents prior to the discovery cut-off, which was just six (6)
days after the day Luxe, AMCO and Related reached their agreement.

NON-PARTIES' CARLOS ROSSO, AMCO PRH 810 SOUTH MIAMI AVENUE, LLC, AND THE RELATED GROUP'S
JOINDER TO DEFENDANTS' EX PARTE APPLICATION (DKT. NO. 204) AND REQUEST FOR ORDER

*MIA 185787351v2*